**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York  11530**
**Tel:   (516) 741-6565**
**Fax:   (516) 741-6706**
**Howard B. Kleinberg, Esq.**
**Jil Mazer-Marino, Esq.**

*Attorneys for Minisink Estates LLC*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

**MINISINK ESTATES, LLC,**

                             **Debtor.**
-------------------------------------------------------------X

**Chapter 11**

**Case No. 09-35369 (CGM)**

**APPLICATION OF RNR ADVISORS, INC., FINANCIAL ADVISOR AND
MANAGEMENT CONSULTANT TO THE DEBTOR AND DEBTOR IN
POSSESSION, FOR A FINAL AWARD AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

**TO THE HONORABLE CECELIA G. MORRIS,**
**UNITED STATES BANKRUPTCY JUDGE**:

RnR Advisors, Inc. ("**RnR**"), financial advisor and management consultant to Minisink Estates LLC, debtor and debtor in possession (the "**Debtor**"), submits this application (the "**Application**") for a final award of compensation and reimbursement of expenses, under Bankruptcy Code section 330, for the period February 25, 2009 through October 31, 2009.  In support of the Application, RnR respectfully represents:

## PRELIMINARY STATEMENT

1. RnR seeks a final award of compensation and reimbursement of expenses for this case. This fee application covers the entire time period for the Debtor's chapter 11 case, from the filing date of February 25, 2009 through approximately October 31, 2009 (the "**Fee Period**"). The Debtor's chapter 11 liquidating plan of reorganization ("**Plan**") confirmed by this Court by entry of order on October 27, 2009, became effective on November 6, 2009.

2. For the Fee Period, RnR seeks an award and payment of $97,080.00 in fees and $509.74 in expenses. During the Fee Period, RnR devoted 255.7 hours of professional services to this case and provided services that were beneficial to the Debtor, its estate and creditors.

3. RnR has not filed any prior interim fee application in this case. The terms of RnR's retention, as contained in its retention agreement, dated February 23, 2009, and the Court's order approving RnR's retention, dated March 10, 2009, provide for RnR to be compensated on an hourly basis subject to a monthly cap of $10,000 (the "**Monthly Cap**"), with amounts in excess of the Monthly Cap being subject to approval by the Bankruptcy Court through a final fee application. Pursuant to the Order, the Debtor was authorized to advance up to $10,000 per month to RnR in payment of fees and to reimburse expenses. To date, $50,000 of monthly payments has been paid by the Debtor to RnR. Prepetition, RnR received a retainer of $50,000 of which $21,530.14 was applied to fees and expenses for prepetition restructuring services, leaving a balance of $28,469.86.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of this case and this Application in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409, respectively.

## FACTUAL BACKGROUND

5. On February 25, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Plan became effective on November 6, 2009. No official committees have been appointed in this case.

6. The Debtor was formed to purchase a tract of real property located in the town of Minisink, Orange County, New York (the "**Real Property**"), and to develop a residential community of single family homes. The Real Property was subdivided into lots. All of the necessary municipal approvals to sell the lots and to build a single family home on each lot have been obtained, and power, roads, curbs, and drainage have been installed into the development, and a road servicing the development is near completion. The Debtor owned 25 lots, with three partially completed homes and 22 undeveloped buildable lots. The Debtor has undertaken the process of selling those three homes and 22 lots in this proceeding through Bankruptcy Code section 363 sales approved by this Court on May 26, 2009 and through the Debtor's Plan.

## THE FEE APPLICATION

7. By this Application, RnR is seeking, pursuant to Bankruptcy Code section 330, an award and allowance of those fees and reimbursement of those expenses already paid on behalf of the Debtor.

8. Exhibit "A" to this Application consists of detailed daily time records describing on a day-by-day basis the hours expended by RnR as financial advisor and management consultant to the Debtor and the nature of professional services rendered by RnR during the Fee Period. Exhibit "A" shows the number of hours that RnR rendered during the Fee Period and the amount of RnR's time charges (based on the applicable hourly rates).

9. Exhibit "A" to this Application also includes a schedule of the actual expenses incurred by RnR during the Fee Period in connection with the rendition of services, on a day-by-day basis.

10. During the Fee Period, RnR charged hourly rates for its professionals ranging from $150 to $500 per hour. The blended hourly rate is $379.66. The actual and necessary out-of-pocket expenses incurred for postage and other amounts during the Fee Period is $503.97.

11. Certain significant aspects of RnR's work during the Fee Period are summarized and highlighted in narrative form below. The narrative is not intended to be a complete description of the professional services rendered by RnR, but is intended solely to identify for the benefit of the Court and interested parties the more significant issues and

matters. Reference is made to Exhibit "A" to this Application for a more detailed daily description of professional services rendered.

## SUMMARY OF SERVICES RENDERED

12. During the Fee Period, RnR performed the following services:

    (a) Asset Dispositions. During the Fee Period, the Debtor conducted three auctions and closed on the sale of 21 lots of real property, one of which is improved by a model home. RnR assisted the Debtor by performing a myriad of services pertaining to the auction sales and closings including developing and updating a website, developing relationships with real estate brokers and notifying brokers of upcoming sales, developing and placing print and web based advertisements, coordinating the auctions themselves, advising the Debtor on its rights and obligations under the Sales Procedures Order, assisting with the preparation and filing of pre-auction notices, post-auction reports and post-closing reports, and orders approving proposed sales. RnR also advised the Debtor in connection with one auction at which the junior secured creditor, KP, bid on 9 lots of real property. Pursuant to the Sale Procedures Order, KP was afforded special accommodations in connection with bidding on lots and closing such sales. RnR advised the Debtor in determining how to manage the process as it became clear that KP did not intend to consummate the purchase. In addition, RnR advised the Debtor regarding a potential stalking horse bidder for all

remaining properties, conferred and coordinated with Debtor's special real estate counsel regarding the closings of sales of lots of Real Property, and attended to other issues related to the marketing and auction of the lots. RnR's efforts helped the Debtor achieve the closing of 21 lots by the end of October, 2009, resulting in a substantial pay down of the senior mortgage indebtedness held by KeyBank. RnR scheduled a final auction of the last two remaining lots for November 2, 2009.

(b) Business Operations. RnR assisted the Debtor in connection with fulfilling its obligations as a debtor and debtor in possession. In that regard, RnR assisted the Debtor in preparing the Debtor's schedules and statements of financial affairs, preparing the Debtor's monthly operating reports, opening a DIP account, and collecting information requested by the Office of the United States Trustee. RnR also assisted Debtor's special real estate counsel in connection with the Debtor's agreement with the Town of Minisink concerning the fulfillment of the Debtor's obligations to complete the construction of a road in the Minisink subdivision.

(c) Plan and Disclosure Statement. During the Fee Period, the Debtor proposed and confirmed its Plan. RnR assisted in all phases of the Plan process including negotiating with key constituents over the terms of the Plan and Disclosure Statement,

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Code Section 330(a)(1) provides that the bankruptcy court may award

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

Section 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11 or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

14. In an attempt to define "reasonable compensation," courts have utilized the "lodestar" approach, which requires multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. See, e.g., In re Cena's Fine Furniture, Inc., 109 B.R. 575, 581 (E.D.N.Y. 1989); In re Stable Mews Associates, 49 B.R. 395, 398 (Bankr. S.D.N.Y. 1985); In re Yermakov, 718 F.2d 1465, 1471 (9th Cir. 1983).

15. RnR submits that consideration of the factors set forth in section 330 support its request for the allowance of compensation in rendering professional services to the Debtor during the Fee Period, and that the requested compensation is reasonable and justified.

16. RnR is well-qualified in the field of bankruptcy and creditors' rights. RnR is a professional services firm founded by Jack J. Rose that has its roots in the restructurings of the early 1980's. RnR provides interim management and restructuring advisory services to underperforming companies and their creditors. RnR's crisis and restructuring advisory services include assisting company management with cash planning, addressing liquidity concerns, stabilizing operations, cost reduction planning, business planning, constituent negotiations, pre-bankruptcy planning and communications, and post-bankruptcy administration. RnR's principals have advised and provided services in many restructurings. The company has extensive experience in the real estate and real estate investment areas having made and advised on investments throughout the United States including investments in hospitality, development projects, retail and others. RnR's industry experience includes real estate, hospitality, airlines, retail, healthcare, manufacturing, automotive and others.

17. In addition to the time spent and the rate charged for the services, courts should consider whether the services were necessary to the administration of or beneficial toward

the completion of the case. 11 U.S.C. § 330(a)(3)(C). RnR submits that all of its services as described above in narrative form and in detail in Exhibit "A" were both necessary and beneficial to the estate.

## U.S. TRUSTEE'S COMPENSATION GUIDELINES

18. RnR has carefully reviewed its fees and expenses to ensure that they meet the requirements of the United States Trustees' Compensation Guidelines (the "UST Guidelines"). All time expended by RnR personnel in this case has been recorded in one-tenth hour increments. RnR has provided detailed descriptions of its services, has broken down such expenses into their discrete elements without lumping and has kept track of its time charges for services by project categories. Additionally, as detailed more fully below, all reimbursement requests for expenses have been maintained within the limits of the UST Guidelines.

19. Based on the foregoing, RnR submits that the services it has performed in this case justify the requested compensation and that, in view of the policy underlying Bankruptcy Code section 330 that attorneys in bankruptcy cases be compensated on a parity with attorneys practicing in other fields, such compensation should be allowed in full.

20. No previous allowance has been made to RnR for the services rendered or expenses incurred during the Fee Period.

## DISBURSEMENTS

21. RnR has disbursed the sum of $509.74 as reasonable and necessary out-of-pocket expenses during the Fee Period on behalf of the Debtor. Exhibit "A" to this Application is a schedule of the actual expenses incurred by RnR during the Fee Period in

connection with the rendition of services, on a day-by-day basis, arranged chronologically. No portion of the disbursements sought to be reimbursed constitutes anything other than allowable expenses provided in the UST Guidelines.

22. RnR charges for the actual cost of postage and other reimbursable expenses. RnR does not make a profit on any of the expenses it charges to clients.

23. RnR has made every effort to minimize its disbursements in this case. Each of the expenses incurred by RnR in providing professional services to the Debtor was necessary, reasonable and justified under the circumstances to serve the needs of the Debtor and the interests of creditors.

### **APPLICANT HAS NO CONFLICTS OF INTEREST**

24. RnR does not directly or indirectly hold a claim against the Debtor or own any beneficial interest in the Debtor. No claim or interest has been acquired or transferred by RnR or for RnR's benefit since the Petition Date. RnR has received no payment for the services rendered during the Fee Period (except as set forth herein) and has received no promise of payment for such services. RnR holds a guaranty of payment given by certain of the Debtor's members prior to the filing date. RnR has not shared with any person, or entered into any agreement or understanding to share with any person, compensation received or to be received for services rendered in or in connection with this case, except as permitted by the Bankruptcy Code and Bankruptcy Rules. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by RnR.

## CONCLUSION

25. Based on the foregoing, RnR submits that its request for the payment of final compensation and reimbursement of expenses is well supported by Bankruptcy Code sections 330 and 331 and should be granted.

**WHEREFORE**, RnR respectfully requests that the Court enter an order:

(a) granting RnR's Application for payment of final compensation for professional services in the amount of $97,080.00 and reimbursement of actual and necessary expenses in connection with such services in the amount of $509.74;

(b) authorizing the Debtor to pay the remaining balance of the amount allowed through funding provided by capital contributions from the Debtor's members; and

(c) such further relief as the Court deems proper.

Dated: Garden City, New York
November 30, 2009

        **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
        *Attorneys for Minisink Estates LLC, Debtor*
        *and Debtor in Possession*

        **By:  /s/ Howard B. Kleinberg**
        Howard B. Kleinberg, Esq.
        Jil Mazer-Marino, Esq.
        **990 Stewart Avenue – Suite 300**
        **P.O. Box 9194**
        **Garden City, New York  11530-9194**
        **Tel:  (516) 741-6565**
        **Fax:  (516) 741-6706**

739165v.2